ANDREW J. SHIELS et al., Respondents, v. SIGISMUND B. WORTMANN et al., Appellants.

The Court of Appeals has no jurisdiction to review the discretion of the court below in granting an extra allowance, where no rule of law is violated, or in refusing an extra allowence, unless such refusal has been based upon the ground of want of authority, thus presenting a question of law.

(Submitted April 13, 1891; decided April 21, 1891.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made July 18, 1890, which reversed an order of Special Term granting defendants an extra allowance.

The following is the opinion in full:

" The facts of this case were such that the court below, in the exercise of its discretion, could have granted or refused an extra allowance to the defendants. They made a motion at a Special Term for an extra allowance, and it was denied upon the ground that the action was not difficult and extraordinary. Upon an appeal to the General Term this order was reversed, upon the ground that the case was a proper one for an extra allowance, and it was there ordered that the motion be remitted to the Special Term, ' to be settled as to the amount of the extra allowance,' and thereafter the Special Term, after hearing counsel for both parties, made an order granting the defendants an extra allowance of $500. The plaintiffs appealed from that order to the General Term, where it was reversed, and then the defendants appealed to this court.

" We have many times decided that this court has no jurisdiction to review the discretion of the court below in granting an extra allowance where no rule of law is violated, or in refusing an extra allowance unless such refusal has been based upon a want of authority, thus presenting a question of law.

" It does not appear upon what ground the order appealed from was based. If the judges composing the General Term, after deciding upon the prior appeal that the defendants were entitled to an extra allowance, upon the subsequent appeal changed their minds and concluded that no extra allowance should be made, we know of no reason why they could not do so without subjecting their conclusion to review in this court.

Having once decided that the defendants were entitled to an extra allowance, they could have granted a reargument and changed their decision; but having ordered the motion to be heard at Special Term, when it came before them the second time they could, in the exercise of their discretion, reach a different conclusion from that which they had come to upon the prior appeal, and in holding that the defendants were entitled to no extra allowance they were exercising a discretion which cannot be reviewed in this court.

" But it is more probable that upon the last appeal the judges of the General Term came to the conclusion that the extra allowance granted at the Special Term was too large, and for that reason reversed the order, and if that was the ground upon which their decision was based, it was clearly discretionary and not subject to revision here. So, that in in any view that can be taken of this case, we have no juris-- diction to review the order appealed from.

" The appeal should be dismissed, with costs."

*Edward W. S. Johnston* for appellants.

*William J. Gaynor* for respondents.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.